```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANNA M. FARION,

                          Plaintiff,

          -against-

BRIAN R. EZZO and ANGELO EZZO,

                          Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/7/2019
```

19 Civ. 8894 (AT)

**ORDER**

ANALISA TORRES, District Judge:

     Plaintiff, Anna M. Farion, brings this action seeking relief for personal injuries sustained in a motor vehicle accident as a result of Defendants' negligence. Complaint, ECF No. 1. On September 26, 2019, the Court ordered Plaintiff to show cause in writing, by October 4, 2019, why this action should not be transferred to the United States District Court for the District of New Jersey. ECF No. 8. The Court advised Plaintiff that if Plaintiff failed to show that venue is proper in the Southern District of New York, the Court would transfer the case to the United States District Court for the District of New Jersey. Id. at 2. On October 4, 2019, Plaintiff filed a response. Pl. Resp., ECF No. 9.

     For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff argues that venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 since the "transactions and occurrences that give rise to this action occurred within this District, the Plaintiff resides in this district, witnesses reside in this district, and Plaintiff's treating physicians maintain offices in this district." Complaint ¶¶ 3–4.

Plaintiff does not allege that any of the Defendants are domiciled in this District to make venue proper under 28 U.S.C. § 1391(b)(1). Complaint ¶¶ 7–8. Also, Plaintiff does not satisfy 28 U.S.C. § 1391(b)(2) because she does not allege that a substantial part of the events or omissions giving rise to the claim occurred in this District. The event giving rise to the claim, a motor vehicle accident, occurred in the County of Sussex, New Jersey. Complaint ¶¶ 18, 21. Last, Plaintiff fails to satisfy 28 U.S.C. § 1391(b)(3), because this action may otherwise be brought in other districts, *see infra*. Accordingly, venue is not proper in the Southern District of New York under any of Plaintiff's asserted grounds under 28 U.S.C. § 1391(b)(1), (2) or (3).

Plaintiff asserts that the Southern District of New York would be convenient for prosecuting her claims. *See* Pl. Resp. ¶ 8,9 ("Venue does not relate to constitutional protections or privileges; it rather relates to equitable considerations of 'the convenience of parties and witnesses' and 'the interest of justice.'") (citing 28 U.S.C. § 1404(a)). However, "since venue does not appear to be proper in this district, the convenience of the parties is irrelevant." *Lahm v. Wagner*, 776 F. Supp. 114, 115 (E.D.N.Y. 1991) (transferring case filed in the Eastern District of New York to the Eastern District of Virginia, where automobile accident occurred).

Plaintiff also argues that it is premature for the Court to transfer the action as Defendants have yet to appear and it is possible that Defendants may no longer reside in New Jersey, and because the Plaintiff seems to have a strong likelihood of success on the merits. Pl. Resp. ¶ 10. None of these arguments, however, would make venue proper in this District. First, Plaintiff

herself alleges that each Defendant "still is [] a resident of the County of Passaic, State of New Jersey." Complaint ¶¶ 7–8. Second, the only way that Defendants' residence would make venue proper in this District, is if Defendants both resided in this District. *See* 28 U.S.C. § 1391(b)(1). If they did, however, the Court would lack subject matter jurisdiction as there would not be complete diversity of citizenship, making jurisdiction improper on that separate basis. *See* 28 U.S.C. § 1332(a)(1). Third, the likelihood of success of Plaintiff's claim is irrelevant to the question of whether venue is proper in this District. Venue relates "solely to the place where jurisdiction should or may be exercised." *U. S. ex rel. Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969) (citing *Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 340 (1953)).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff has failed to demonstrate that venue is proper in the Southern District of New York, because the events giving rise to the claim occurred in New Jersey, and because Defendants appear to reside in New Jersey, the Clerk of Court is directed to transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the District of New Jersey where venue is proper.

SO ORDERED.

Dated: October 7, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge